# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL E. NAHOURAII,<br><br>  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security*,*<br><br>  Defendant. | Case No. 3:21-cv-00456-CLB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**<br><br>[ECF Nos. 22, 23] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Daniel E. Nahouraii's ("Nahouraii") application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Currently pending before the Court is Nahouraii's motion for reversal and/or remand, (ECF No. 22), and the Commissioner's cross-motion to affirm and opposition, (ECF Nos. 23, 24). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 16), the Court concludes that the Commissioner's finding that Nahouraii could perform past relevant work was supported by substantial evidence. Therefore, the Court denies Nahouraii's motion for remand, (ECF No. 22), and grants the Commissioner's cross-motion to affirm, (ECF No. 23).

## I.   STANDARDS OF REVIEW

### A.   Judicial Standard of Review

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record,

a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a

reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding

of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy

within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. CASE BACKGROUND

### A. Procedural History

Nahouraii applied for DIB on December 17, 2018, with an alleged disability onset date of April 3, 2018. (AR 232-34.) Nahouraii's application was denied initially on May 20, 2019, and upon reconsideration on September 13, 2019. (AR 162-66, 171-73.) Nahouraii subsequently requested an administrative hearing. (AR 174-75.) On December 16, 2020, Nahouraii and his attorney appeared at a telephonic hearing before an ALJ. (AR 35-59.) An impartial vocational expert ("VE") also appeared at the hearing by telephone. (*Id.*) The ALJ issued a written decision on January 21, 2021, finding that Nahouraii was not disabled because he could perform past relevant work as actually and generally performed. (AR 14-29.) Nahouraii appealed, and the Appeals Council denied review on August 19, 2021. (AR 1-3.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies., Nahouraii filed a complaint for judicial review on October 22, 2021. (ECF No. 1.)

B.     **ALJ's Decision**

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 17-29.) Ultimately, the ALJ disagreed that Nahouraii has been disabled from April 3, 2018, the alleged onset date, through the date of the decision. (AR 29.) The ALJ held that Nahouraii could perform past relevant work, which does not require the performance of work-related activities precluded by his RFC. (*Id.*)

In making this determination, the ALJ first determined Nahouraii meets the insured status requirements of the Social Security Act through December 31, 2023. (AR 19.) The ALJ then went to step one of the five-step sequential evaluation, where the ALJ found Nahouraii had not engaged in substantial gainful activity since the alleged onset date of April 3, 2018. (*Id.*) At step two, the ALJ found Nahouraii had the following severe impairments: degenerative disc disease of the cervical spine – status-post anterior cervical discectomy and fusion (ACDF); degenerative disc disease of the lumbar spine – status-post L2-L5 laminotomies and redo compression with durotomy repair; reconstructive surgery and dysfunction of major joints – right hip and left shoulder; and osteoarthrosis. (AR 19-22.) At step three, the ALJ found Nahouraii did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (AR 22.)

Next, the ALJ determined Nahouraii has the RFC to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) except:

> [T]wo hours of standing and walking in an eight-hour workday; six or more hours of sitting in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders or scaffolds; frequently balance; occasionally climb ramps and stairs; never climb ladders or scaffolds; frequently balance; occasionally stoop, kneel, and crouch; never crawl; frequently reach overhead and above the shoulder with the left arm; avoid concentrated exposure to extreme cold, extreme heat, and vibration; and avoid all exposure to dangerous moving mechanical parts and unprotected heights.

(AR 22-28.)

The ALJ found Nahouraii's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged; however, Nahouraii's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) In reaching this conclusion, the ALJ reviewed and discussed Nahouraii's subjective complaints, symptom evaluation, the objective medical evidence, and physical opinions. (*Id.*)

The ALJ then determined that Nahouraii could perform past relevant work as a Telephone Solicitor, as actually or generally performed. (AR 29.) Accordingly, the ALJ held that Nahouraii had not been under a disability since the alleged onset date of April 3, 2018, through the date of the decision, and denied Nahouraii's claim. (*Id.*)

### III. ISSUE

Nahouraii now seeks judicial review of the Commissioner's final decision denying DIB under Title II of the Social Security Act. (ECF No. 22.) Nahouraii raises a single issue for this Court's review: whether the ALJ properly rejected Nahouraii's testimony concerning pain, symptoms, and level of limitation. (*Id.* at 6-16.)

### IV. DISCUSSION

#### A. The ALJ articulated clear and convincing reasons for rejecting Nahouraii's subjective testimony.

Nahouraii argues the RFC is contrary to law and not supported by substantial evidence because the ALJ did not properly evaluate Nahouraii's pain, ignoring probative evidence and failing to discuss the factors required by the regulations. (ECF No. 22 at 6-16.) Nahouraii argues the ALJ's errors are errors of "omission", and the only appropriate remedy is remand. (*Id.* at 16.)

By contrast, the Commissioner argues the ALJ provided multiple valid reasons for discounting Nahouraii's testimony, namely that: (1) objective medical findings did not support the extent of his allegations; (2) Nahouraii's activities contradicted his allegations of disabling limitations; and (3) Nahouraii's reports of improvement contradicted his

alleged limitations and claim that he was totally disabled. (ECF No. 23 at 7-18.)

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

A review of the record shows the ALJ provided specific, clear, and convincing reasons for finding Nahouraii's statements concerning the intensity, persistence, and limiting effects of his symptoms less than credible.

### 1. Objective Medical Evidence

An ALJ "may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). But an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

The ALJ relied on objective medical evidence that supports the RFC rather than Nahouraii's allegations of pain. Although the ALJ cannot cherry pick objective medical evidence from the record, they can consider contrary objective medical evidence in making a credibility determination. Here, the ALJ provided a thorough summary of the medical evidence in which he highlighted specific objective findings that support the assigned RFC. (AR 24-28.) Because those findings conflicted with Plaintiff's pain and symptom testimony, the ALJ found his testimony was not credible because it was inconsistent with the objective medical evidence. Based on these findings, the ALJ assigned a reduced RFC with postural and environmental limitations. Accordingly, the Court finds the ALJ provided clear and convincing reasons for finding Nahouraii not credible to the extent his testimony exceeds the RFC.

### 2. Nahouraii's Daily Activities

An ALJ may discredit a claimant's testimony when he reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Molina*, 674 F.3d at 1112-13; 20 C.F.R. § 404.1529(c)(3)(i). Further, the inconsistency between a claimant's alleged symptoms and his daily activities, is sufficient to support a finding that a plaintiff was not entirely credible. *See Lingenfelter*, 504 F.3d at 1040 (in determining credibility, an ALJ may consider "whether claimant engaged in daily activities inconsistent with alleged symptoms"). Specifically, daily activities may be grounds for discrediting a claimant's testimony when a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferrable to a work setting." *Fair v. Brown*, 885 F.2d 597, 603 (9th Cir. 1989). Even when such

activities suggest some difficulty functioning, the ALJ may discredit a claimant's testimony to the extent they contradict claims of a totally debilitating impairment. *See Turner*, 613 F.3d at 1225.

Here, the ALJ also found Nahouraii less credible because the account of his daily activities was inconsistent with his alleged limitations. (AR 24-25); *see Tommasetti*, 533 F.3d at 1039 (inconsistency between a claimant's alleged symptoms and his daily activities may be a clear and convincing reason to find a claimant less credible). Nahouraii's daily activities included personal care and some household chores. (AR 24-25.) Nahouraii testified he completed personal care approximately every three days. He also testified he cleaned around the home and walked around the outside of his house with his dog. The ALJ noted Nahouraii reported that his daily routine included walking around the yard, calling friends, and going to local friends to visit. Nahouraii also reported snowmobiling in March of 2020. Although the ALJ did not explain how all Nahouraii's activities contradicted his testimony, the above activities directly contradict Nahouraii's testimony and the ALJ was entitled to rely on them in discounting Nahouraii's testimony. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) ("[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld") (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) ("If the evidence can reasonably support either affirming or reversing the Commissioner's decision, this panel may not substitute its judgment for that of the Commissioner"). Based on these, and other findings, the ALJ determined Nahouraii's subjective symptom testimony was inconsistent with his alleged impairments.

### 3.     Improvement with Treatment

"Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see Bailey v. Colvin*, 669 Fed.Appx. 839, 840 (9th Cir. 2016) (unpublished) (no error in discounting claimant's testimony where "medical evidence suggest[ed] that many of [her] impairments had improved . . . or responded favorably to treatment"). Nahouraii's providers, and

1  Nahouraii himself, reported some improvement, and his level of reported improvement
2  was entirely consistent with an ability to perform a very reduced range of sedentary work,
3  as Drs. Nickles and Addonizio also found (*See* AR 22, 27–28, 140–42, 156–58.) Here, the
4  ALJ reasonably relied on Nahouraii's providers' statements regarding the effectiveness of
5  his treatments and his own statements that he had some improvement with treatment. (AR
6  24.) 20 C.F.R. §§ 404.1529(c)(3)(iv)–(v). The ALJ "did not summarily dismiss [Plaintiff's]
7  pain complaints but instead carefully considered them." *Matthews v. Shalala*, 10 F.3d 678,
8  680 (9th Cir. 1993) ("It was because of the pain complaints that the ALJ made the finding
9  that [claimant] could not perform repetitive bending and stooping and staying in one
10 position.") (emphasis in original); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)
11 ("questions of [symptom evaluation] and resolutions of conflicts in the testimony are
12 functions solely of the Secretary") (citation omitted). The Court finds that this ALJ finding
13 is a specific, clear, and convincing reason to discredit Nahouraii's testimony regarding his
14 limitations.

### 4.    Work History

16 Finally, Nahouraii argues that the ALJ was required to discuss Nahouraii's strong
17 work history but failed to do so. 20 C.F.R. § 404.1529(c)(3) states that an ALJ will "consider
18 all of the evidence presented, including information about your prior work record" but does
19 not require an ALJ to include a discussion related to work history. *See Thomas*, 278 F.3d
20 at 958-59. Nonetheless, to the extent the ALJ's failure to discuss Nahouraii's work history
21 was error, such error would be harmless. The Court does not need to uphold all of an
22 ALJ's reasons for discounting a plaintiff's testimony to affirm the ALJ's decision, so long
23 as the ALJ provided other reasons that were specific, clear, and convincing. *See Batson*,
24 359 F.3d at 1197 (holding that where one of an ALJ's several reasons supporting an
25 adverse credibility finding is held invalid, the error is harmless if it "does not negate the
26 validity of the ALJ's ultimate conclusion that [the claimant's testimony] was not credible");
27 *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding
28 an adverse credibility finding where the ALJ provided four reasons to discredit the

claimant, two of which were invalid). As discussed above, the Court finds that the ALJ provided other reasons for discounting Nahouraii's pain and symptom testimony which are specific, clear, and convincing reasons supported by substantial evidence in the record.

Based on the above, the Court finds the ALJ provided "specific, clear and convincing" reasons supported by substantial evidence for discounting Nahouraii's credibility as to his subjective limitations. *See Fair*, 885 F.2d at 604 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.").

## V. CONCLUSION

Having reviewed the Administrative Record as a whole and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds that the ALJ's decision was supported by substantial evidence.

Accordingly, **IT IS THEREFORE ORDERED** that Nahouraii's motion to remand (ECF No. 22) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 23) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: July 22, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**